FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA    2016 MAR -7  PM 1:00
TAMPA DIVISION

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

FLORANA RODRIGUEZ,

    Plaintiff,

                                                          CASE NO.: 8:16-cv-540-T27TBM

v.

PAYPAL, INC., a Delaware Corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff Florana Rodriguez, by and through undersigned counsel, sues PayPal, Inc., and states as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA").

### JURISDICTION AND VENUE

2.    Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the TCPA, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

TPA035332
$400.00

1

## PARTIES

4. Plaintiff Florana Rodriguez ("Rodriguez" or "Plaintiff") is a natural person who resides in Tampa, Florida. Plaintiff is a "consumer," as that term is defined by Fla. Stat. § 559.55(2) and is also a person as that term is used in 47 U.S.C. § 227.

5. Defendant, PayPal, Inc. ("PayPal"), is a Delaware corporation, doing business in the State of Florida, and is a "person" under Fla. Stat. § 559.72. and is a "debt collector," as that term is defined by Fla. Stat. § 559.55(6), as well as a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227.

6. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

8. Defendant, PayPal claimed that Plaintiff owed a debt (the "Alleged Debt") to PayPal. Ms. Rodriguez disputed the Alleged Debt and became unable to pay the Alleged Debt due to financial circumstances.

9. Once the Defendant began recording that Ms. Rodriguez fell behind in payments regarding the Alleged Debt, Defendant began a relentless campaign against Ms. Rodriguez to collect the Alleged Debt.

10. On or about February 16, 2015, Defendant began telephoning Ms. Rodriguez' cell phone.

11. On or about February 25, 2015. Ms. Rodriguez informed Defendant's representative that she became unable to pay the Alleged Debt and instructed Defendant to stop calling her cell phone.

12. Nevertheless, since approximately February 16, 2015, and continuing after February 25, 2015, Defendant continued calling Ms. Rodriguez cell phone many times to collect the Debt using an automated telephone dialing system and without Ms. Rodriguez's express consent.

13. Defendant telephoned Ms. Rodriguez two to three times a day, to collect the Alleged Debt. All such calls were made to Ms. Rodriguez's cell phone.

14. Defendant called Ms. Rodriguez from the following telephone numbers:

888-393-7162
888-955-5641

15. All calls made by Defendant were made by an automated telephone dialing system and were made without Plaintiff's express consent. These calls involved a pause after the Plaintiff answered before a live representative was connected to the Plaintiff.

16. As detailed below, that conduct constitutes a violation of the FCCPA and the TCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT PAYPAL

17. This is an action against Defendant, PayPal, for violation of Fla. Stat. § 559.55 *et seq*.

18. Plaintiff re-alleges and incorporates paragraphs 1 through 16, as if fully set forth herein.

19. Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

20. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) . . . assert the existence of some other legal right when such person knows that the right does not exist.

21. Through its conduct, described above, Defendant directly and through its agents violated the above sections of the FCCPA.

22. All conditions precedent to this action have occurred, have been satisfied or have been waived.

23. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

24. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

25. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against PayPal, finding that PayPal violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE TCPA BY PAYPAL

26. This is an action against PayPal for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

27. Plaintiff re-alleges and reincorporates paragraphs 1 through 16, as if fully set forth here-in.

28. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

29. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

30.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

31.     Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

32.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

33.     As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

34.     Based upon the willful, knowingly, and intentional conduct of PayPal as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE**, Plaintiff respectfully request this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: March 7, 2016

Respectfully Submitted,
**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax: (813) 336-0832

_____
**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION
## BY PLAINTIFF, FLORANA RODRIGUEZ

I, Florana Rodriguez, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____          3-2-16
Rodriguez Florana                  Date